542 A.2d 206

Charles W. Locy, t/a Victorian Lounge, Appellant
*v.* Commonwealth of Pennsylvania, Pennsylvania
Liquor Control Board, Appellee.

Submitted on briefs March 24, 1988, to Judges
MACPHAIL, COLINS and MCGINLEY, sitting as a panel
of three.

*Norma Chase,* for appellant.

*Faith S. Diehl,* Assistant Counsel, for appellee.

Opinion by Judge McGinley, June 1, 1988:

The Pennsylvania Liquor Control Board (Board) entered an order suspending the liquor license issued to Charles W. Locy (Licensee) for five days. After hearing on the statutory appeal to the Court of Common Pleas of Allegheny County, the trial court affirmed the Opinion and Order of the Board. This appeal by Licensee followed.

The facts are not in dispute. A Board investigation commenced on April 8, 1984, and was completed on June 13, 1984. A violation notice was sent by certified mail to Licensee on June 15, 1984, and returned to Board, because of an incorrect zip code on Saturday, June 30, 1984, as "unclaimed." A Board officer personally served Licensee with a copy of the notice on Monday, July 2, 1984, more than ten days after the investigation was completed.

Section 471 of the Liquor Code (Code), 47 P.S. §4-471,[1] *as amended* by Section 2 of the Act of January 13, 1966, P.L. (1965) 1301, added the following:

> No penalty provided by this section shall be imposed by the board or any Court for any violations provided for in this act unless the enforcement officer or the board notifies the licensee of its nature and of the date of the alleged violation within ten days of the completion of the investigation which in no event shall exceed ninety days. . . ..

Recognizing the untimeliness of the notice the Board refers us to another section of the Code which states:

> This act shall be deemed an exercise of the police power of the Commonwealth for the protection of the public welfare, health, peace and

---

[1] Act of April 12, 1951, P.L. 90, art. I, §§1-101-9-902.

> morals of the people of the Commonwealth . . .
> and all of the provisions of this act shall be liber-
> ally construed for the accomplishment of this
> purpose.

Section 104 of the Code, P.S. §1-104. However, even a liberal construction of the Act does not allow a misinterpretation of its clear and specific language.

The intent of the legislature, obviously, was that Licensee receive timely notice. The language used is unambiguous. On this record we cannot find that the Board has complied with the notice requirement. The suspension must be vacated.

### ORDER

AND NOW, this 1st day of June, 1988, the order of the Court of Common Pleas of Allegheny County is reversed and the penalty of suspension imposed by the Pennsylvania Liquor Control Board is vacated.